PAN–ALASKA FISHERIES, INC., a corporation, and IDS Leasing Corporation, Plaintiffs,

v.

MARINE CONSTRUCTION & DESIGN CO., a corporation, et al., Defendants.

NORTHERN COMMERCIAL COMPANY, a Delaware Corporation, d/b/a N. C. Marine, Third-Party Plaintiff,

v.

FRAM CORPORATION, a Foreign Corporation doing business in the State of Washington, Third-Party Defendant.

No. 369–72C2.

United States District Court, W. D. Washington, Seattle Division.

Oct. 6, 1975.

Lane, Powell, Moss & Miller, Gordon W. Moss, Seattle, Wash., for Pan-Alaska Fisheries, Inc.

Reed, McClure, Moceri & Thonn, William R. Hickman, Seattle, Wash., for N. C. Marine.

## OPINION

SOLOMON, District Judge.

This case was remanded to this court from the Court of Appeals for further consideration of damages in light of *United States v. Reliable Transfer,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975).

In findings of fact and conclusions of law entered April 2, 1974, I found that defendant N. C. Marine was negligent in installing in plaintiff Pan-Alaska's fishing vessel ENTERPRISE an engine with oil filters which it knew were defective. I found that one or· both of these oil filters malfunctioned and caused a fire in the vessel.

I also found that Pan-Alaska was negligent and that, as a result of such negligence, the fire spread and the vessel was lost. Pan-Alaska had rebuilt the ENTERPRISE with no engine shutoff controls outside the engine room. It failed to train the crew in firefighting techniques and failed adequately to familiarize the crew with the vessel. Pan-Alaska's engineer failed to remain in the engine room when the engine was accelerated to "full ahead" after the first filter cracked. When the fire broke out, the crew failed to take available steps to cut the oxygen supply that was feeding the flames.

N. C. Marine's installation of an engine with defective filters was the primary cause of the fire.

Pan-Alaska's failure to clean the tanks of contaminated fuel and some of Pan-Alaska's other acts of negligence enumerated in the findings probably were also significant causes of the fire. These and other failures were largely responsible for the spread of the fire which sank the vessel.

In my findings I found that if the plaintiff had not been negligent, the damages resulting from the fire would have been $1,000.00 or less. Nevertheless, that amount is not the limit of N. C. Marine's liability.

■ On April 2, 1974, I applied the ancient admiralty doctrine of divided damages. In *Reliable Transfer,* decided May 19, 1975, the Supreme Court abolished the doctrine of divided damages except for a small class of cases:

"We hold that when two or more parties have contributed by their fault to cause property damage in a maritime collision or stranding, liability for such damage is to be allocated among the parties proportionately to the comparative degree of their fault, and that liability for such damages is to be allocated equally only when the parties are equally at fault or when it is not possible fairly to measure the comparative degree of their fault." 95 S.Ct. at 1715–1716.

Therefore, the standard to be applied here is comparative negligence.

■ Culpability, not causation, is the standard by which damages are assessed in comparative negligence cases. In *Reliable Transfer,* the Supreme Court referred to Dean Schwartz's excellent treatise on *Comparative Negligence,* which says at page 276:

"[T]he jury's line of inquiry under comparative negligence does not focus on physical causation; rather, it considers and weighs culpability."

Prosser and Wade arrived at the same conclusion:

"It is generally agreed that under any of the 'comparative negligence' acts, the damages are to be divided in proportion to the fault of the parties, and not upon any basis of respective contribution to or causation of the injury." *Cases and Materials on Torts* (5th ed. 1971), 533 n. 11.

In *Reliable Transfer,* the Court allocated liability "among the parties proportionately to the comparative degree of their fault". 95 S.Ct. at 1715–1716.

■ Damages are not to be assessed by comparing the number of individual, negligent acts or omissions of which each party was guilty. Instead, we must weigh the negligence of one party against the negligence of the other to determine relative culpability.

■ N. C. Marine supplied an engine with a defective filter which was the primary cause of the fire. Pan-Alaska furnished a ship with defective equipment and an incompetent crew, which turned a small, controllable fire into a disaster.

N. C. Marine cannot limit its liability to $1,000.00 by invoking the doctrine of avoidable consequences. Using the standard of relative culpability, I find that N. C. Marine is responsible for one-third of the loss of the ENTERPRISE, which is one-third of $210,190.44, or $70,063.48. A judgment in that amount may be entered in favor of plaintiff Pan-

Alaska and against defendant N. C. Marine.

Plaintiff is also entitled to interest from June 7, 1972, the date this action was filed, at eight per cent per annum.

As between plaintiff Pan-Alaska and defendant N. C. Marine, each party shall bear its own costs.

This opinion shall constitute findings of fact and conclusions of law under Fed.R.Civ.P. 52(a). Counsel for plaintiff shall prepare a judgment in accordance with this opinion.